Submitted on the record and brief of the Oregon State Bar October 9, accused disbarred October 28, 1986

In re Complaint as to the Conduct of

## RYSSHA O'SHEA,
*Accused.*

### (OSB 84-107; SC S33123)

727 P2d 119

Donald L. Williams, Assistant General Counsel, Portland, filed the brief for the Oregon State Bar.

No appearance by the accused.

PER CURIAM

## PER CURIAM

The Oregon State Bar filed a formal complaint against the accused on July 26, 1985. Service of the Formal Complaint and Notice to Answer was by publication pursuant to the order of this court dated March 11, 1986. Thereafter, a trial panel was appointed to hear the Bar's charges and a hearing was held July 7, 1986. The accused failed to file an answer to the formal complaint and to appear at the hearing either in person or by counsel. This matter comes before this court for automatic review pursuant to ORS 9.536(2) and BR 10.4(a)(ii).[1] The accused has not filed a petition for review or brief.

The trial panel found the accused guilty of multiple violations of each of 15 disciplinary rules of the Code of Professional Responsibility and the Oregon State Bar Act, occurring both prior to and as a result of her abandonment of her law practice in August 1984. The accused was found to have left incomplete numerous legal matters, failed to return client documents and files, failed to account for retainer funds, failed to refund unearned advances for attorney fees, failed to maintain client funds in an identifiable trust account, and failed to transfer cases to other counsel or otherwise protect her clients' legal rights. The violations establish more than a pattern of neglect; they demonstrate a course of conduct proving reckless or intentional disregard of the best interests of the accused's clients. The trust account violations alone warrant disbarment. The cumulative nature of the

---

[1] ORS 9.536(2) provides:

"If the decision of the disciplinary board is to suspend the accused attorney from the practice of law for a period of longer than 60 days or to disbar the accused attorney, the matter shall be reviewed by the Supreme Court. The procedure on review shall be as provided in the rules of procedure."

BR 10.4(a)(ii) provides:

"Upon the receipt of a trial panel opinion by General Counsel in

"* * * * *

"(ii) any disciplinary proceeding resulting in disbarment or suspension in excess of 60 days * * *

"* * * * *

"General Counsel shall file the record of the proceeding with the State Court Administrator. Upon receipt of the record, the matter shall be reviewed by the court as provided in BR 10.5."

accused's misconduct, which includes dishonesty and intentional misconduct, requires her disbarment.

We agree with the findings and recommendations of the trial panel. No purpose is served by enumerating the facts or setting forth the specific violations. The accused is disbarred. Costs awarded to the Oregon State Bar. ORS 9.536(4).